In Re Petition of David W. Ralph et al., for a New Public Road in Little Creek Hundred.

*Roads—Public Road — Notice—Service—Trustees ; How served — Terminus of Road ; Description of.*

1. Where the notice of a petition for a new public road has been served upon one of two trustees having charge of real estate, it is a sufficient service.

2. Where the petition describes the terminus of the road as being in a certain road, near the tenant house belonging to A. B., and at a stake settled in the ground marked with the letter " Y," it is a sufficient description of the terminus.

(*October 12, 1904.*)

Lore, C. J., and Grubb and Pennewill, J. J., sitting.

*John M. Richardson* for petitioners.

*Charles F. Richards* for exceptants.

Court of General Sessions, Sussex County, October Term, 1904.

The petition, among other things, set forth that the road passed through lands belonging to the estate of the late William W. Dashiell, deceased. It was admitted by the attorney for the petitioners that said real estate was under the control of John H. Elliott and Miranda H. Dashiell, trustees ; that neither of the trustees signed the petition and notice was served upon one of the trustees only, namely, John H. Elliott.

*Richards,* for exceptants, opposed the confirmation of the return on the ground that the notice having been served on only one of the trustees was insufficient and could not bind the other trustee who was also entitled to notice ; that both trustees should be notified in order to bind the estate of William W. Dashiell.

*Richardson*, for petitioners, contended that notice served on one of the trustees gave the opportunity for the estate to object in this Court, and was sufficient notice.

LORE, C. J. :—Have you any other objection, Mr. Richards?

*Mr. Richards :*—I ask that this return be not confirmed also on another ground ; namely, that the terminus is not definitely fixed. The description of the terminus is as follows :   " Thence across the land of David M. Hayes and George Adams until it intersects a road which passes the residence of Samuel J. Bradley leading to Sharptown and near a tenant house belonging to said Bradley at a stake settled in the ground marked with the letter " Y " and terminating thereat."   I contend that it should state just where the stake is—what distance it is from the tenant house, for instance.

LORE, C. J. :—The petition says that it terminates at a marked stake near the tenant house.   There is nothing to show that there has been any change in the location of the stake, and the presumption is that it is there to-day.

We think that the return is sufficient.